IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MICHAEL COLLINS, CARL HARRISON, )
and ROSALIND HARRISON,          )
                                )
     Plaintiffs,                )
                                )
v.                              )   No. 04-2803 Ml/P
                                )
SHELBY COUNTY,                  )
                                )
      Defendant.                )

---

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

Before the Court is the Motion for Summary Judgment by Defendant Shelby County, filed October 20, 2005.  Plaintiffs responded in opposition on December 19, 2005, and Defendant filed its reply on January 10, 2006.  For the following reasons, Defendant's motion is GRANTED.

I.    BACKGROUND

The instant lawsuit arises out of Defendant Shelby County's refusal to allow Plaintiffs to sit for the lieutenant promotional examination in the Shelby County Sheriff's Department ("SCSD").  Plaintiffs Michael Collins, Carl Harrison, and Rosalind Harrison are African-American sergeants in the SCSD.

On July 6, 1998, Plaintiffs, along with other African-American employees of SCSD, filed a lawsuit in the Western District of Tennessee against SCSD, as well as the Sheriff, the Chief Deputy, and Janet Bates, SCSD's Administrator of Human Resources, ("Bates").  McGraw, et al. v. Gilless, et al., 98-

-1-

2571-jha (W.D. Tenn.).  In that case, the named plaintiffs in the instant suit filed an amended complaint, alleging that the defendants had retaliated against them by failing to promote them after they filed their original complaint.  In December of 2000, a jury found that the named plaintiffs in the instant suit had been retaliated against in violation of Title VII and awarded them damages.[1]  On March 19, 2001, the court awarded the named plaintiffs in the instant suit back pay and ordered that they be promoted to sergeant, with a retroactive effective date of September 11, 1998.  On April 5, 2001, Bates sent notice to the Sheriff's Budget & Finance Office that Collins, Harrison, and Harrison were to be promoted to the rank of sergeant effective September 11, 1998.

While the McGraw lawsuit was ongoing, Shelby County began the process of promoting individuals to the rank of lieutenant. In the summer of 2000, the Shelby County Human Resources Department posted a notice that it would accept applications for the position of Sheriff's Department Lieutenant between August 25 and September 22, 2000.  Shelby County's records reflect that Plaintiffs did not apply to sit for the lieutenant examination. (Manager of Employment & Development for Shelby County Pat Samuels' Unsworn Statement ¶ 12.)  The notice for the lieutenant's position contained the following provision:

---

[1] The case also alleged that the defendants had discriminated against the plaintiffs by failing to promote them to sergeant. The plaintiffs' discrimination claim was not successful at trial.

MINIMUM ACCEPTABLE QUALIFICATIONS:
Graduation from an accredited high school or possess
GED, and two (2) years college, plus five (5) years
experience in commissioned law enforcement (one (1) of
which must be in the rank of Sergeant in the Shelby
County Sheriff's Department).  Equivalency acceptable
for total education and/or experience, but no
substitution for one (1) year in the Sergeant's rank in
the Shelby County Sheriff's Department.

(Mem. Support Def.'s Mot. Summ. J. ("Mem. Shelby County") Ex. D
101.)  The notice further stated that "[c]redit for experience
will be given up to the first date the promotional exams are
given."  (Id.)(emphasis in original).  On February 20 and 22 and
March 9, 2001, SCSD administered written examinations
("lieutenant examination") to sergeants who had submitted written
applications for the lieutenant position.  Another lieutenant
examination was administered on or about March 22-23, 2001, to
Sergeant Vernon Dollahite, Jr., who had previously submitted a
written application.  (Decl. Carl Harrison, Resp. Opp'n Mot.
Summ. J. Ex. A.)

Following the examination, the Shelby County Human Resources
Department compiled a list of the officers who had scored in the
upper fifty percent on the lieutenant examination.  In order for
an individual to be eligible to be promoted to the rank of
lieutenant, he/she had to be on the list.  On April 5, 2001,
Danny Kail, the Administrator of Shelby County Human Resources
Department, certified a list of twenty-eight individuals who were
eligible to be promoted to the rank of lieutenant.  (Mem. Shelby
County Ex. D 114.)  The list determined who was eligible to be
promoted during the period of March 30, 2001, to September 30,

-3-

2002, and under Shelby County's Civil Service System, the Sheriff was only permitted to promote individuals on the list.  On April 6, 2001, Kail sent the certified list to Sheriff Gilless.  On October 16, 2001, Sheriff Gilless promoted nine individuals to the rank of lieutenant.

On April 3, 2001, after Plaintiffs had been awarded their retroactive promotions, Carl Harrison filed a written grievance regarding the fact that he did not have the opportunity to take the lieutenant examination.  On April 12, 2001, Harrison delivered the grievance to the president of the Shelby County Deputy Sheriffs' Association.  The president forwarded the grievance to the Chief Deputy of SCSD on April 16, 2001.  On May 1, 2001, SCSD's Administrator of Human Resources Janet Bates sent Pat Samuels, the Manager of Employment & Development for Shelby County, a memorandum explaining that Plaintiffs had recently prevailed in a lawsuit and had been awarded promotion to sergeant retroactive to September 11, 1998.  The memorandum further explained that their promotion was awarded after the testing process for lieutenant had been completed and that Plaintiffs wished to take the lieutenant examination.  Bates stated that Human Resources would not award any lieutenant promotions until Shelby County resolved whether Plaintiffs would be allowed to sit for the examination.  On May 7, 2001, Samuels sent Bates a memorandum denying Plaintiffs' request to take the lieutenant examination.  Samuels explained that testing for the lieutenant position was no longer open and that to re-open testing would

-4-

"adversely affect the integrity of the testing process."

Shelby County has only held a lieutenant promotion process once since 2001, in 2004. Plaintiffs filed timely applications for the lieutenant position, and each was found qualified to take the written promotional examination. Of the Plaintiffs, only Collins scored high enough on the examination to be eligible for promotion to the rank of lieutenant. The record does not indicate whether Collins was actually promoted.

On October 6, 2004, Plaintiffs filed the instant lawsuit, claiming that Defendant's refusal to allow them to participate in the lieutenant promotion process in 2001 was unlawful retaliation for their participation in the <u>McGraw</u> lawsuit. Defendant moves for summary judgment, contending that Plaintiffs cannot establish that they were retaliated against in violation of Title VII.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353

(6th Cir. 1989).  In considering a motion for summary judgment,
"the evidence as well as all inferences drawn therefrom must be
read in a light most favorable to the party opposing the motion."
Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir.
1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio
Corp., 475 U.S. 574, 587 (1986).

        When confronted with a properly-supported motion for summary
judgment, the nonmoving party "must set forth specific facts
showing that there is a genuine issue for trial."  Fed. R. Civ.
P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159
F.3d 246, 250 (6th Cir. 1998).  A genuine issue of material fact
exists for trial "if the evidence [presented by the nonmoving
party] is such that a reasonable jury could return a verdict for
the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 248 (1986).  In essence, the inquiry is "whether the
evidence presents a sufficient disagreement to require submission
to a jury or whether it is so one-sided that one party must
prevail as a matter of law."  Id. at 251-52.

**III. ANALYSIS**

        Title VII prohibits an employer from retaliating against an
employee for engaging in protected activity.  Abbott v. Crown
Motor Co., 348 F.3d 537, 542 (6th Cir. 2003).  Title VII
provides, in pertinent part:

>        It shall be an unlawful employment practice for an
>        employer to discriminate against any of his employees
>        . . . because [the employee] has opposed any practice
>        made an unlawful employment practice by this
>        subchapter, or because he has made a charge, testified,

assisted, or participated in any manner in an
investigation, proceeding, or hearing under this
subchapter.

42 U.S.C. § 2000e-3(a).  In order to establish a prima facie case

in the absence of direct evidence of retaliation, a plaintiff

must show: (1) that he engaged in a protected activity; (2) that

the exercise of his civil rights was known by the defendant; (3)

that defendant thereafter took adverse employment action; and (4)

that a causal connection exists between the protected activity

and the adverse employment action.  Walborn v. Erie County Care

Facility, 150 F.3d 584, 588-89 (6th Cir. 1998).  Establishing a

prima facie case creates a rebuttable presumption that the

employer engaged in unlawful retaliation.  See St. Mary's Honor

Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

Once the plaintiff has established a prima facie case, the

burden shifts to the employer to produce a legitimate, non-

discriminatory reason for the adverse employment action.  Abbott,

348 F.3d at 542.  An employer will satisfy its burden as long as

it articulates a valid rationale for its decision.  Hartsel v.

Keys, 87 F.3d 795, 800 (6th Cir. 1996).

If the employer meets this burden, the plaintiff may still

prevail if he shows that the reasons offered by the defendant are

a pretext for retaliation.  DiCarlo v. Potter, 358 F.3d 408, 420

(6th Cir. 2004).  In order to establish pretext, the plaintiff

must show "by a preponderance of the evidence either (1) that the

proffered reasons had no basis in fact, (2) that the proffered

reasons did not actually motivate [the adverse action], or (3)

-7-

that they were <u>insufficient</u> to motivate [the adverse action]."
<u>Manzer v. Diamond Shamrock Chems. Co.</u>, 29 F.3d 1078, 1084 (6th
Cir. 1994)(citation omitted)(emphasis in original).  Throughout
the analysis, the ultimate burden of persuading the trier of fact
that the defendant intentionally retaliated against the plaintiff
remains at all times with the plaintiff.  <u>Abbott</u>, 348 F.3d at 542
(citing <u>Hicks</u>, 509 U.S. at 511).

Plaintiffs have established the first two elements of their
<u>prima</u> <u>facie</u> case.  First, Plaintiffs engaged in protected
activity by filing the <u>McGraw</u> lawsuit.  Second, Defendant was
aware of that lawsuit.  The Sheriff, Chief Deputy, and
Administrator of Human Resources for SCSD were named as
defendants in the <u>McGraw</u> litigation.  In addition, Ms. Samuels,
Defendant's Human Resources Manager, was notified that Plaintiffs
had recently prevailed in the lawsuit in the memorandum from
Janet Bates regarding Plaintiffs' request to sit for the
lieutenant examination.  (Resp. Opp'n Mot. Summ. J. Ex. A D122.)

Plaintiffs have also raised a genuine issue of material fact
as to whether they suffered an adverse employment action by being
prohibited from taking the lieutenant examination.  An adverse
employment action "constitutes a significant change in employment
status, such as hiring, firing, failing to promote, reassignment
with significantly different responsibilities, or a decision
causing a significant change in benefits."  <u>Burlington Indus.,</u>
<u>Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998).  The Sixth Circuit has
held that failure to promote constitutes an adverse employment

-8-

action.  White v. Burlington Northern & Santa Fe Ry. Co., 364
F.3d 789, 798 (6th Cir. 2004)(en banc)(citing Burlington Indus.,
Inc., 524 U.S. at 761).  While the Sixth Circuit has not
previously addressed the precise employment action presented in
the instant case, at least one circuit court of appeals has held
that the denial of access to a promotional examination may be an
adverse employment action.  Davis v. Dallas Area Rapid Transit,
383 F.3d 309, 319-20 (5th Cir. 2004)(finding alleged manipulation
of eligibility requirements for civil service promotions
examination sufficient to withstand summary judgment as to
adverse employment action prong); see also Alexander v. Fulton
County, Ga, 207 F.3d 1303, 1349-50 (11th Cir. 2000)(considering
claim under Title VII and 42 U.S.C. §§ 1981 and 1983 that
plaintiffs were prevented from taking promotional examinations,
although dismissing claim on causation prong).

Even if the denial of access to a promotional examination
constitutes an adverse employment action, however, Plaintiffs
have failed to meet the fourth prong of a prima facie case of
retaliation, because there is no evidence that but for
Plaintiffs' participation in the McGraw lawsuit, Defendant would
have allowed them to sit for the lieutenant's exam.  In order to
establish the element of causal link, a plaintiff is "required to
proffer evidence sufficient to raise the inference that [his/]her
protected activity was the likely reason for the adverse action."
EEOC v. Avery Denison Corp., 104 F.3d 858, 861 (6th Cir.
1997)(internal quotation marks omitted).  "A causal link can be

-9-

shown by either of two methods: (1) through direct evidence; or (2) through knowledge [of the protected activity] coupled with a closeness in time that creates an inference of causation." Nguyen v. City of Cleveland, 229 F.3d 559, 566 (6th Cir. 2000)(citation omitted).  "Although no one factor is dispositive in establishing a causal connection, evidence that defendant treated the plaintiff differently from similarly situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation."  Nguyen, 229 F.3d at 563 (citing Moon v. Transport Drivers, Inc., 836 F.2d 226, 230 (6th Cir. 1987)).

Plaintiffs have not put forward any evidence of causation other than the temporal proximity of Defendant's decision to prohibit them from sitting for the lieutenant examination. However, "temporal proximity in the absence of other evidence of causation is not sufficient to raise an inference of a causal link." Nguyen, 229 F.3d at 566.  The fact that Defendant scheduled the lieutenant examination at the same time that Plaintiffs' lawsuit was ongoing does not give rise to an inference that it did so in order to prevent Plaintiffs from sitting for the examination.  Plaintiffs have put forward no evidence to suggest that Defendant deliberately scheduled the examination at that time to prevent Plaintiffs from sitting for the lieutenant examination.  Rather, the record before the Court indicates that Human Resources planned the examination at least as early as the summer of 2000, well in advance of Plaintiffs'

-10-

retroactive promotions to sergeant in March of 2001.  At the time
it scheduled the examinations, Defendant had no way of knowing
whether Plaintiffs would prevail in their claims in the <u>McGraw</u>
lawsuit, and, if so, what remedy the court would impose.  Without
more, the closeness in time of Defendant's actions to the <u>McGraw</u>
lawsuit fails to "raise the inference that [Plaintiffs']
protected activity was the likely reason for the adverse action."
<u>Avery Denison Corp.</u>, 104 F.3d at 861.  Accordingly, Plaintiffs
have failed to create a genuine issue of material fact whether
Defendant retaliated against them because of their participation
in the <u>McGraw</u> lawsuit and have failed to make out a <u>prima</u> <u>facie</u>
case.

　　　　Moreover, even if Plaintiffs had established a <u>prima</u> <u>facie</u>
case of retaliation, Defendant has asserted a legitimate, non-
retaliatory reason for refusing to permit Plaintiffs to take the
lieutenant examination, and Plaintiffs have not shown this to be
pretextual.[2]  It is uncontroverted that Plaintiffs did not have
one year of experience in the rank of sergeant at SCSD at the
time of the examination.  The lieutenant position notice that was
posted in the summer of 2000 stated that one year of experience
in the rank of sergeant at SCSD was required as a "minimum

---

[2] Defendant advanced two additional reasons for denying
Plaintiffs' request to sit for the lieutenant examination.
However, the Court finds that Plaintiffs have put forward
sufficient evidence to demonstrate that these asserted reasons
are pretextual, and thus considers only Defendant's legitimate,
non-discriminatory explanation that Plaintiffs were not qualified
to sit for the lieutenant examination.

acceptable qualification" in order to be considered for the position.  The notice further specified that there would be "no substitution for one (1) year in the Sergeant's rank in the Shelby County Sheriff's Department."  All of the individuals who took the lieutenant examination and every individual eligible for promotion on the certified list had held the rank of sergeant for at least one year prior to April 5, 2001.  (Pat Samuels' Unsworn Statement ¶¶ 5, 7.)  Plaintiffs have not refuted Defendant's contention that "no one has ever been promoted to the rank of lieutenant without first having served at least one year in the rank of sergeant."  (Id. at ¶ 15.)

Instead, Plaintiffs assert that because they were retroactively promoted to the rank of sergeant, "for all purposes, the Plaintiffs were Sergeants as of September 11, 1998 and met the minimum qualifications to sit for the promotional exam and to be promoted."  (Mem. Opp'n Summ. J. 14.)  However, while the court order retroactively awarded Plaintiffs the rank and pay of a sergeant, the court order did not--and could not-- confer experience as sergeants.  At the time of the lieutenant examination in February 2001, Plaintiffs had no experience as sergeants and therefore were not qualified to sit for the lieutenant examination.

In other Title VII contexts, the Sixth Circuit has found experience to be a valid consideration in hiring and promoting decisions.  See White v. Columbus Metro. Hous. Auth., 429 F.3d 232, 243-44 (6th Cir. 2005)(upholding dismissal of failure-to-

promote claim where plaintiff had significantly less job-related experience than individual who was hired for position); <u>Bacon v. Honda of America Mfg., Inc.</u>, 370 F.3d 565, 578 (6th Cir. 2004)(finding employer's requirement that employees work for a minimum of eighteen months to be eligible for promotion to be valid in order to promote "familiarity with procedures and skills of a particular department before allowing promotion within that department"); <u>see also</u> <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 425 (1975)(finding use of employment test in hiring valid under Title VII where the test has "a manifest relationship to the employment in question").  Because Plaintiffs were not qualified to sit for the examination, they have failed to demonstrate that Defendant's reason for not allowing them to take the lieutenant examination was pretextual.  <u>See</u> <u>Davis</u>, 383 F.3d at 320 ("Because the uncontroverted evidence establishes that Appellants were not qualified . . . , their argument that the changes in the qualifications were retaliatory fails.") Defendant has "met its burden of showing that it would have taken the same action even in the absence of the protected conduct," and, accordingly, summary judgment is proper.  <u>Tucker v. City of Richmond</u>, 388 F.3d 216, 220 (6th Cir. 2004).[3]

**IV. CONCLUSION**

For the reasons stated above, Defendant's motion for summary

---

[3] The Court also notes that all three Plaintiffs were allowed to take the 2004 examination for promotion to lieutenant, which undercuts the suggestion that the requirement of one year of experience was pretextual.

-13-

judgment is GRANTED.   Accordingly, the case is DISMISSED.


        So ORDERED this 14th day of April, 2006.


                             /s/ Jon P. McCalla
                             JON P. McCALLA
                             UNITED STATES DISTRICT JUDGE